IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Covenant Realty, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: 20-301 |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| Westminster American Insurance Company, | : | |
| | : | |
| Defendant. | : | |

## ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Westminster American Insurance Company, by and through its attorneys, Langsam Steven Silver & Hollaender LLP, hereby responds to the Complaint of Plaintiff, Covenant Realty, as follows:

1.     Denied. By way of further response, after reasonable investigation, Answering Defendant has insufficient information from which to either admit or deny the allegations contained within this paragraph of Plaintiff's Complaint, and therefore the allegations contained within this paragraph are denied with strict proof thereof demanded at the time of trial.

2.     Admitted.

3.     Admitted.

4.     Denied. By way of further response, portions of the allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law, therefore, no responsive pleading is required pursuant to the Federal Rules of Civil Procedure.

5.     Denied. By way of further response, portions of the allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law, therefore, no responsive pleading is required pursuant to the Federal Rules of Civil Procedure.

6.     Denied.

7.     Denied.

## COUNT I
### In Assumpsit – Breach of Contract

8.     Answering Defendant incorporates by reference responses to the proceeding paragraphs as though same were set forth fully at length herein.

9.     Denied.

10.    Denied. By way of further response, portions of the allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law, therefore, no responsive pleading is required pursuant to the Federal Rules of Civil Procedure.

11.    Denied.

12.    Denied. By way of further response, portions of the allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law, therefore, no responsive pleading is required pursuant to the Federal Rules of Civil Procedure.

WHEREFORE, Answering Defendant demands judgment in favor and dismissal of all claims against with prejudice together with interest, cost of suit and such other relief as the Court deems equitable and just.

## COUNT II
### In Trespass – 42 Pa.C.S.A. §8371

13.    Answering Defendant incorporates by reference responses to the proceeding paragraphs as though same were set forth fully at length herein.

14. Denied. By way of further response, portions of the allegations contained within this paragraph of Plaintiff's Complaint constitute conclusions of law, therefore, no responsive pleading is required pursuant to the Federal Rules of Civil Procedure.

15. Denied. By way of further response, portions of the allegations contained within this paragraph of Plaintiff's Complaint and its subparts constitute conclusions of law, therefore, no responsive pleading is required pursuant to the Federal Rules of Civil Procedure.

WHEREFORE, Answering Defendant demands judgment in favor and dismissal of all claims against with prejudice together with interest, cost of suit and such other relief as the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

Defendant Westminster American Insurance Company hereby asserts the following Affirmative Defenses against Plaintiff as follows:

### First Affirmative Defense

The Complaint fails to state a relief upon which relief can be granted.

### Second Affirmative Defense

Defendant did not breach its contractual obligations, if any, owed to the Plaintiff.

### Third Affirmative Defense

Plaintiff's claims for damages are barred, in whole or in part, by the failure to mitigate any alleged injury or damages.

### Fourth Affirmative Defense

The alleged damages, if proven, resulted from independent, intervening, and/or superseding causes which were unrelated to the cause of action described in the Complaint.

3

## Fifth Affirmative Defense

The losses and damages alleged in Plaintiff's Complaint were caused by the actions and events unrelated to Defendants.

## Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrines of Collateral Estoppel and Res Judicata.

## Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrines of Waiver and Estoppel.

## Eighth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

## Ninth Affirmative Defense

The causes of action asserted by Plaintiff is barred by the Doctrines of Issue and Claim Preclusion.

## Tenth Affirmative Defense

If any insurance contract did exist between Plaintiff an Answering Defendant, it was the subject of an accord and satisfaction.

## Eleventh Affirmative Defense

If any insurance contract did exist between Plaintiff an Answering Defendant, Plaintiff's alleged loss is not a covered claim.

## Twelfth Affirmative Defense

If any insurance contract did exist between Plaintiff and Answering Defendant, Plaintiff's claims are barred and/or limited by the failure and/or non-occurrence of a condition precedent.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred and/or limited by the Plaintiff's material breaches of the insurance contract, if one existed, between Plaintiff and Defendant.

### Other Affirmative Defenses

Defendant reserves the right to assert any additional affirmative defenses which may come to light during discovery and incorporates the affirmative defenses set forth under Rule 8(c) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant demands judgment in its favor and dismissal of all claims herein with prejudice together with interest, cost of suit, and such other relief as the Court deems equitable and just.

### DEMAND FOR JURY TRIAL

Defendant Frederick Mutual Insurance Company hereby demands a trial by jury on all issues so triable raised by the Complaint or any other pleadings filed in this matter.

Respectfully Submitted,

LANGSAM STEVENS SILVER & HOLLAENDER LLP

By: _____
Charles M. Adams, CPCU, Esquire
Attorneys for Defendant,
Westminster American Insurance Company
Identification No. 310405
1818 Market Street, Suite 2430
Philadelphia, PA 19103
T: 215-732-3255

Dated: February 10, 2020    cadams@lssh-law.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Covenant Realty, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: 20-301 |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| Westminster American Insurance Company, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Charles M. Adams, CPCU, Esquire, do hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Complaint with Affirmative Defenses was electronically filed and served via first class mail, postage prepaid upon the following:

Anthony J. Diulio
One Penn Center – Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103

LANGSAM STEVENS SILVER & HOLLAENDER LLP

Dated: February 10, 2020          **By:** _____

Charles M. Adams, CPCU, Esquire
Attorney for Defendant,
Westminster American Insurance Company
1818 Market Street, Suite 2430
Philadelphia, PA 19103
T: 215-732-3255
F : 215-732-3260
cadams@lssh-law.com